IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AMERICAN BUILDERS & | ) | |
| CONTRACTORS SUPPLY CO., INC. etc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 2:17cv97-WHA |
| | ) | |
| PRECISION ROOFING AND | ) | (wo) |
| CONSULTING, LLC etc., and MICHAEL | ) | |
| S. DUNN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINON AND ORDER**

I.       FACTS AND PROCEDURAL HISTORY

This cause is before the court on a Notice of Bankruptcy Automatic Stay (Doc. #14),

filed by the Defendants, based on the bankruptcy of Defendant Michael S. Dunn.

The Plaintiff, American Builders & Contractors Supply Co., Inc. ("ABS Supply") filed

this case bringing numerous claims against Precision Roofing and Consulting, LLC and Michael

S. Dunn, including claims for declaratory judgment and claims damages for damages under

several causes of action, based on conduct arising from a 2016 roofing project. The Defendants

filed the Notice of Bankruptcy and have taken the position that the present case is subject to stay

pursuant to 11 U.S.C. §362.

Section 362(a)(1)-(4) of Title 11 of the United States Code provides as follows:

(a) Except as provided in subsection (b) of this section, a petition filed under
section 301, 302, or 303 of this title, or an application filed under section
5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay,
applicable to all entities, of--
(1) the commencement or continuation, including the issuance or employment
    of process, of a judicial, administrative, or other action or proceeding

against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate.

Michael S. Dunn filed a petition for bankruptcy under Chapter 13 in 2013. An Order Confirming the Plan of the Debtor was entered on May 1, 2014.

The parties have briefed the issues of the appropriateness of the stay. For reasons to be discussed, the court concludes that this case is not due to be stayed at this time.

II.        DISCUSSION

ABC Supply argues that this case ought not be stayed pursuant to 11 U.S.C. §362 because under the plain language of §362(a)(1), the automatic stay does not apply to acts and litigation which occur after the filing of the bankruptcy petition, citing cases such as *United States of America v. Gumbaytay*, No. 2:08cv573, 2009 WL 605275 (M.D. Ala. March 9, 2009). ABC Supply argues that in post-petition conduct cases, the automatic stay does not apply to the litigation itself, but may apply to the enforcement of the judgment if the plaintiff succeeds.

In response, the Defendants agree that the stay in §362(a)(1) does not apply in this case, but argue that §362(a)(3) requires a stay because that provision "prohibits a party from taking any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." The Defendants argue that if the court were to proceed, ABC would be seeking an advisory opinion that it does not intend to enforce. The Defendants cite cases, including *In re Jefferson County, Alabama*, 484 B.R. 427 (N.D. Ala. 2012), in support of their argument.

In *Turner Broadcasting Sys., Inc. v. Sanyo Elec., Inc.,* 33 B.R. 996 (N.D.Ga.1983), *aff'd sub nom. Turner Broadcasting v. Rubin,* 742 F.2d 1465 (11th Cir.1984) (unpublished), the court explained that the automatic stay in 362(a)(1) is not designed to be an offensive weapon to allow a debtor to breach a post-bankruptcy petition contract. The court analyzed the purposes behind the bankruptcy laws and explained that one purpose would be severely undermined by allowing a debtor to hide behind section 362(a) in a suit arising after the bankruptcy petition was filed because repayment or reorganization plans would be hampered if post-petition creditors were discouraged from conducting business with the debtor. *Id.* The court found that the automatic stay does not apply to a case commenced after a bankruptcy petition is filed. *Id.*

The court went on to note in a lengthy footnote, however, that there are other aspects of §362(a) which could apply. *Id.* at 100 n.2. The court explained that its "conclusion that a breach of contract case for which the cause of action arose after the petition in bankruptcy was filed is not stayed by 11 U.S.C. §362(a) does not mean that the plaintiff can defeat other aspects of section 362(a) and satisfy its default judgment." *Id.* The court noted that other aspects of 362(a) "severely limit the ability of a plaintiff to satisfy a judgment it may receive even if the original action was not prohibited by §362(a)(1)," such as §363(a)(3). *Id.* In the analysis within the footnote, the *Turner* court relied on another case for the proposition that "although section 362(a)(1) is inapplicable to proceedings commenced after the bankruptcy petition is filed, that creditor would still have to obtain relief from the stay before attaching, or executing on, the property of the estate." *Id.* (citing *In re Anderson*, 23 B.R. 174, 175 (Bankr. N.D. Ill. 1982)). Other decisions within this circuit have also applied that rule, finding that it is the enforcement of claims that arise post-petition which may be prohibited by the automatic stay. *See Matter of Growth Dev. Corp.*, 168 B.R. 1009, 1014 (Bankr. N.D. Ga. 1994).

Other courts outside of this circuit apply similar analysis, finding that as long as the chapter 13 case is pending, "relief from the automatic stay may be required before the movant is permitted to enforce any judgment she may obtain." *In re Shuman*, 122 B.R. 317, 318 (Bankr. S.D. Ohio 1990). Rrelying in part on *Turner*, the Fourth Circuit concluded that 11 U.S.C. §362(a)(1) did not bar an action as a result of a post-petition breach of contract, but reasoned that "[b]ecause attachment or execution of a judgment obtained as a result of a post-petition claim would fall within the stay provision of subsections 362(a)(3) and (4), a creditor must obtain relief from the stay to satisfy a judgment against property of the bankruptcy estate." *Bellini Imports, Ltd. v. Mason and Dixon Lines, Inc.*, 944 F.2d 199, 201-02 (4th Cir. 1991); *see also In re Al's Transmission Service, Inc.*, No. 95-1-1579-PM, 1995 WL 781697, at *1 (Bankr. D. Md. Dec. 28, 1995)(stating "the automatic stay does prevent a post-petition creditor from satisfying such a claim with property of the estate.")(citing 11 U.S.C. §362(a)(3); *In re Grown Development Corp.*, 168 B.R. 1009, 1016 (Bankr. N.D. Ga. 1994)).

While non-binding cases cited by the Defendant may support a stay of claims at this point pursuant to §362(a)(3), the *Turner* decision, affirmed by the Eleventh Circuit, and relied on by other courts, adopts a position, urged by the Plaintiff here, that the Plaintiff's post-petition claims ought to be allowed to proceed, and that the stay in §362(a)(3) applies only if a judgment is sought to be enforced against property of Dunn's bankruptcy estate. This court will follow that approach.

III.        CONCLUSION

For the reasons discussed, following the analysis of the *Turner* case affirmed by the Eleventh Circuit and subsequently followed by other courts, this court concludes that the post-

bankruptcy petition claims in this case are not subject to the stay pursuant to 11 U.S.C. §362(a) at this time.

DONE this 22nd day of May, 2017.

 /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE