IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AMERICAN BUILDERS & | ) | |
| CONTRACTORS SUPPLY CO., INC. d/b/a | ) | |
| ABC SUPPLY CO., INC., | ) | |
| | ) | |
| Plaintiff, | | |
| v. | ) | CIVIL ACTION NO. 2:17cv97-WHA |
| | ) | |
| PRECISION ROOFING AND | ) | |
| CONSULTING, LLC d/b/a PRECISION | ) | |
| ROOFING, INC., and MICHAEL S. DUNN, | ) | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

**I. FACTS AND PROCEDURAL HISTORY**

This cause is before the court on a Motion for Leave to Amend Answer and Amended Motions (Doc. #44, 45, 52), filed by the Defendants.

On May 5, 2017, the parties filed a Proposed Joint Discovery Plan (Doc. #18). A Uniform Scheduling Order was entered on May 22, 2017 in accordance with the parties' submission. Under the Uniform Scheduling Order, motions to amend the pleadings were due by June 23, 2017. (Doc. #27). The discovery cut-off was November 15, 2017.

The Defendants obtained new counsel in this case following withdrawal of former counsel. New Defense counsel appeared in this action on October 30, 2017. On November 13, 2017, Defendants' counsel sought to amend the Answer to assert affirmative defenses not previously raised. On November 17, 2017, the Defendants sought to extend the deadline in which to conduct discovery. No discovery has been conducted in this case.

## II. DISCUSSION

District courts are required to "enter a scheduling order that limits the time to ... amend the pleadings, complete discovery ..." Fed.R.Civ.P. 16(b)(3). Such orders may be modified only " for good cause." Fed.R.Civ.P. 16(b)(4). The good cause standard precludes modification of the Uniform Scheduling Order unless the schedule cannot "be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). The burden of establishing good cause under the rule rests on the party seeking relief from the scheduling order. *See, e.g., Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3rd Cir.2010).

As noted, the Defendants seek to extend two deadlines in the Uniform Scheduling Order: the deadline to amend the pleadings and the discovery cut-off.[1] Both deadlines have passed under the Uniform Scheduling Order. (Doc. #27).

The Defendants contend that the Plaintiff failed to comply with Rule 26 and has not provided initial disclosures, establishing good cause for amending the Scheduling Order to allow additional time for discovery. The Defendants do not describe the discovery needed, stating that until the Plaintiff makes the initial disclosures required by Rule 26, counsel is not in the position to determine all needed discovery. The Defendants' reason for amending the answer is that affirmative defenses were omitted from the original answer.

The Plaintiff opposes these requests of the Defendants. The Plaintiff's position is that there has been no showing of good cause because mere change in counsel is not a sufficient basis for allowing amendment of the pleadings or discovery after the deadlines established in the

---

[1] The court has already extended the dispositive motion deadline to January 19, 2018 due to the pendency of these motions.

Uniform Scheduling Order. The Plaintiff also states that it will be prejudiced by a delay and more costs and expenses.

As to the argument that initial disclosures were not made, establishing cause for extending the discovery deadline, the Plaintiff presents an affidavit of counsel that he and previous Defense counsel understood that each party had the relevant documents concerning the Plaintiff's claims. (Doc. #56-1). Plaintiff argues that all counsel understood that they would cooperate and exchange any further documents as needed or requested, but neither party did so, and no party objected to the failure to make formal disclosures. Counsel for Plaintiff states in his affidavit that neither party conducted discovery because each party had the relevant documents described in the Joint Discovery Plan. (Doc. #56-1). Counsel for Plaintiff also states that he made disclosures to the Defendants at the request of new Defense counsel on December 22, 2017 and December 27, 2017, consisting of the contracts and communications between ABC and Defendants. (Doc. #56-1).

With regard to the extension of time sought to amend the answer, the Defendants have offered no explanation for seeking to amend the answer other than that former counsel asserted only three affirmative defenses and other defenses were available. This court is persuaded by the reasoning of other courts that to find good cause simply on the basis of the party getting new counsel would be to allow a party to manufacture good cause at any time simply by switching counsel. *See, e.g.*, *Alexander v. Westbury Union Free Sch. Dist.*, 829 F. Supp. 2d 89, 118 (E.D.N.Y. 2011). The relevant question is not when the party decided to make the amendment, but when the facts on which the proposed amendment is based were available. *Kontarines v. Mortg. Elec. Registration Sys., Inc.*, No. 15-CV-2206 (ARR), 2016 WL 3821310, at *4 (E.D.N.Y. July 12, 2016). There has been no showing in this case that the facts underlying the

affirmative defenses the Defendants seek to add were not available before the Uniform Scheduling Order deadline. While the Defendants have argued that there is no prejudice, diligence, not lack of prejudice, is the key to the inquiry. *Rogers v. Hartford Life & Acc. Ins. Co.*, No. CIV.A. 12-0019-WS-B, 2012 WL 2395194, at *3 (S.D. Ala. June 22, 2012). The Motion to Amend to add affirmative defenses is, therefore, due to be DENIED.

As to the request for additional discovery, the Plaintiff has represented that counsel for the parties had an agreement regarding the disclosure of documents, no objection was made to that agreement until new counsel made an appearance, and that the documents agreed to be provided have been provided to the Defendants. The court agrees that it appears the Defendants seek to conduct formal discovery apparently as a change in strategy, rather than as a request based on facts previously unavailable. *See, e.g.*, *Rossvanes v. Equip. Sales Corp.*, No. CIV.A. 09-0822-CG-N, 2010 WL 4269151, at *2 (S.D. Ala. Oct. 25, 2010) (stating "Plaintiff cannot salvage her case or avoid the consequences of her lack of diligence by pointing to her attorney's failings."). While the Defendants state that they cannot identify at this time the discovery required, such a broad request for discovery is not sufficient to establish that discovery deadline could not have been met through due diligence. The court must conclude, therefore, that the Defendants have failed to support their Motion. *Cf. Northstar Marine, Inc. v. Huffman*, No. CIV.A. 13-0037-WS-C, 2014 WL 3720537, at *4 (S.D. Ala. July 28, 2014) (stating "[t]o cast aside a critical Scheduling Order deadline a year after the fact on a showing as threadbare as that offered by Huffman would be to strip the Scheduling Order of any meaningful force or effect, rendering it a toothless advisory document whose prescriptions and requirements can be lightly cast aside for the haziest and most amorphous of reasons.").

## IV.  CONCLUSION

For the reasons discussed, it is hereby ORDERED that the Motion for Leave to Amend Answer and Amended Motions (Doc. #44, 45, 52) are DENIED.

Done this 10th day of January, 2018.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE